UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Lamb, #186788<br>*a.k.a Charles Willis Lamb*,<br><br>                              Plaintiff,<br><br>v.<br><br><br>Doctor Daniels Williams,<br>Kirkland Correctional Institution Medical Staff<br>Doctor,<br><br>                              Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.   8:09-478-CMC-BHH<br><br><br>REPORT AND RECOMMENDATION |

Charles Lamb (Plaintiff), proceeding *pro se*, brings this action pursuant to 42
U.S.C. § 1983.[*] Plaintiff is incarcerated at Lieber Correctional Institution, and he files this
action *in forma pauperis* under 28 U.S.C. § 1915.  This complaint names a Kirkland
Correctional Institution Medical Staff Doctor, Daniels Williams (Defendant), as the sole
Defendant in this action.  In his brief complaint, Plaintiff alleges that Defendant Williams
refused to send Plaintiff to a facility named Doctors Care to have Plaintiff's broken hand
placed in a cast.  Plaintiff seeks monetary damages.

_____

[*]Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B) and Local Rule
73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for
relief and submit findings and recommendations to the District Court.  Further reference
to this complaint brought under Title 42 of the United States Code will be by section
number only.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

2

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

This is the eighth case filed by this prisoner since August of 2008, containing similar factual allegations about Plaintiff's un-casted broken hand.[**] This Court may take judicial notice of Plaintiff's litigation history and of the contents of his various filings with the Court. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'").

Service of process on one of the named defendants was authorized in Plaintiff's

---

[**] *See* Civil Action No.'s 8:09-477 (against " Mrs. Ruefly Landon, X-Ray Nurse, Kirkland Correctional Institution Medical Staff"); 8:09-322 (against "John Does, X-ray people them, at Kirkland Correctional Institution" and "South Carolina Department of Corrections"); 8:09-105 (against "Kirkland Correctional Institution Medical Agency"); 8:08-3732 (against "Department of Corrections"); 8:08-3685 (against "Department of Corrections"); 8:08-3558 (against "Kirkland CI Medical Staff"); 8:08-2805 (against "Lieber Corr Institution," "John Does, Medical Center people them," and "John Does, Medical Staff people them at Lieber").

3

first case regarding his allegedly un-casted broken hand, Civil Action No. 8:08-2805. However, the case was ultimately dismissed for Plaintiff's failure to prosecute.  Plaintiff's next five cases, Civil Action No.'s 8:08-3558, 8:08-3685, 8:08-3732, 8:09-105, and 8:09-322, were recommended for summary dismissal without prejudice, for naming inadequately identified or otherwise improper defendants. Additionally, the Report and Recommendations in Civil Action No.'s 8:08-3558, 8:09-105, and 8:09-322 indicated that the facts of Plaintiff's respective complaints failed to state a federal constitutional claim of deliberate indifference to medical needs, even had Plaintiff named proper defendants.

Finally, Civil Action No. 8:09-477, which was filed on the same date as the instant complaint, has been recommended for summary dismissal for essentially the same reasons stated herein.  In Civil Action No. 8:09-477 and in the present case, Plaintiff sues South Carolina Department of Corrections (SCDC) employees who are amenable to suit under 42 U.S.C. § 1983.  Plaintiff also identifies the Defendants by name: Civil Action No. 8:09-477, Mrs. Ruefly Landon, X-ray Nurse, Kirkland Correctional Institution Medical Staff; Civil Action No. 8:09-478, Doctor Daniels Williams, Kirkland Institution Medical Staff Doctor.  However, it is noted that these names bear a striking resemblance to two cases which are cited in many of the Report and Recommendations prepared for Plaintiff's previous cases: *Daniels v. Williams*, 474 U.S. 327 (1986) and *Ruefly v. Landon*, 825 F.2d 792 (4th Cir. 1987).

_____

<u>Discussion</u>

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's complaint states that he received an x-ray at Kirkland Correctional Institution on an unspecified date.  The x-ray  revealed that Plaintiff had a broken hand and the Defendant, a doctor, allegedly refused to send Plaintiff  to Doctors Care to have his injured hand set in a cast.   Thus, it appears Plaintiff may be  claiming deliberate indifference to his medical needs.  However, if indeed this is the constitutional violation he attempts to allege, such a claim is unsupported by the facts.

The law is clear that correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *Helling v. McKinney*, 509 U.S. 25 (1993):

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to

5

> assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment.

*Id.* at 32 (*quoting DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-200 (1989)).

However, with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In addition, while the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 & n. 2 (S.D.Ga. 1994).

In *Lamb v. Maschner*, 633 F. Supp. 351 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prison or jail provided any treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself

6

> state a constitutional violation.  *See Smart v. Villar*, 547 F.2d 112 (10th Cir.
> 1976).  Therefore, the key question in this case is whether the defendants
> have provided plaintiff with some kind of treatment, regardless of whether
> it is what plaintiff desires.

*Lamb v. Maschner*, 633 F. Supp. at 353.  In the instant complaint, Plaintiff indicates that

he received an x-ray for his injured hand.  As Plaintiff clearly received some medical

treatment for his injury, he fails to show "deliberate indifference" on the part of the

Defendant.

At most, Plaintiff's claim, that the Defendant would not send Plaintiff to Doctors

Care, sounds in negligence.  However, negligent or incorrect medical treatment is not

actionable under § 1983.  *Estelle v. Gamble*, 429 U.S. at 106.  *See also Daniels v.*

*Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48

(1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). Therefore, Plaintiff's

complaint is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the District Judge dismiss the complaint in the

above-captioned case *without prejudice* and without issuance and service of process.

*See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*,

490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).


s/Bruce Howe Hendricks
United States Magistrate Judge

March 11, 2009
Greenville, South Carolina

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).